CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 21 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY S. HOPKINS,<br>　　Plaintiff, | Civil Action No. 7:14-cv-00087 |
| v. | MEMORANDUM OPINION |
| HAROLD CLARKE, et al.,<br>　　Defendants. | By:　Hon. James C. Turk<br>　　　Senior United States District Judge |

Anthony S. Hopkins, a Virginia inmate proceeding pro se, filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the federal right to due process was violated when Virginia Department of Corrections ("VDOC") officials transferred him from a low-level VDOC facility to a high-level VDOC facility without notice or a hearing. Because Plaintiff fails to state a claim upon which relief may be granted, the court dismisses the Complaint without prejudice, pursuant to 28 U.S.C. § 1915A.

An inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. To show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the imposed sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Based upon the alleged facts, Plaintiff's security classification and inter-facility transfer does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in Plaintiff's security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because Plaintiff has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not every state action carrying adverse consequences for prison inmates automatically activates a due process right). Even if VDOC officials violated VDOC procedures by instituting Plaintiff's transfer, a claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, the Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.

ENTER: This ____ day of April, 2014.

Senior United States District Judge